## JACOB *v.* STATE TAX COMMISSION

Norman E. Anderson, Portland, argued the cause for plaintiff. Norman E. Anderson, Portland, and Reiter, Day, Anderson & Wall filed a brief for plaintiff.

John C. Mull, Assistant Attorney General, Salem, argued the cause for defendant and submitted a brief for defendant.

Decision for plaintiff rendered March 31, 1965.

EDWARD H. HOWELL, Judge.

This is a suit to set aside an order of defendant State Tax Commission disallowing an interest deduction on an estate income tax return.

The decedent borrowed certain sums of money from his divorced wife to pay federal income taxes. The promissory note given to his ex-wife was in the

usual form but contained the following additional provisions:

"Maker further agrees that in the event of the Government making a refund of additional Federal Income taxes and interest paid for the year 1945, the rate of interest shall be 6% instead of 4% from date of note."

Thereafter the decedent successfully prosecuted a claim for refund of the federal tax which refund included interest.

The decedent died before obtaining the federal tax refund and the refund, plus the interest, was paid to his estate.

On the final individual state income tax return filed for the period ending on the date of death, May 18, 1960, an election was made pursuant to ORS 316.175 to report the accruable income of the decedent on the estate income tax return and not on the final individual return. Pursuant to this election the interest on the federal tax refund was reported on the estate tax return which was filed for the fiscal year ending March 31, 1961. The estate also repaid the note and the interest due thereon to decedent's ex-wife and deducted the interest on the estate tax return for said period.

The defendant State Tax Commission, in disallowing the interest deduction on the estate tax return, contended that the interest deduction should have been made on the decedent's final individual return.

The plaintiff, administrator of the estate, contends it was allowed to deduct the interest paid the decedent's ex-wife on the estate tax return because of the provisions of ORS 316.180 which provide, in part as follows:

". . . However, any deductions properly charge-

able against income excluded from the decedent's final return by virtue of the exercise of the option provided in ORS 316.175 . . . shall be allowed to, and may be claimed only by the person or taxable entity reporting such income."

■■ It is conceded by the defendant State Tax Commission that the plaintiff was entitled to elect to report the interest income from the federal tax refund on the estate tax return by virtue of ORS 316.175. However, the defendant argues that the plaintiff was not entitled to deduct the interest paid on the loan on the estate tax return notwithstanding the provisions of ORS 316.180, above, because the interest paid was not a business expense. In other words, the defendant would read into the above statute a requirement that "any deductions properly chargeable" against the excluded income to mean any "business deductions." The statute contains no such restriction and it is not the province of this court to add it to the statute. ORS 174.010; *State v. Buck,* 200 Or 87, 262 P2d 495 (1953).

There was a direct connection between the interest paid on the note and the interest received on the federal tax refund. The note shows this on its face. The total amount of interest due decedent's ex-wife was based on the recovery of the federal tax refund. In addition, in this case the defendant allowed a deduction on the estate tax return of the attorneys fees expended in recovering the federal tax refund.

As the statute ORS 316.180, supra, makes no restriction on the type of deduction chargeable against the estate income it is concluded that the plaintiff was entitled to deduct on the estate return the interest paid on the loan.